UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER, | No. C 09-1147 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| BROADCOM CORPORATION, | **Re: Defendant's Motion to Dismiss** |
| Defendant. | |

Plaintiff Gregory Bender filed a complaint against defendant Broadcom Corporation alleging that Broadcom infringed and induced others to infringe U.S. Patent No. 5,103,188 ("the '188 patent"). Defendant now moves the court to dismiss the operative complaint on the basis of defective service of process and the complaint's purported failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). Alternatively, defendant requests a more definite statement as to the products that plaintiff alleges infringe the '188 patent. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

Plaintiff Gregory Bender filed his original complaint on March 16, 2009. At about the same time, plaintiff initiated actions against approximately twenty-three other technology companies alleging infringement of the same patent. Plaintiff filed a First Amended Complaint on May 14, 2009. The First Amended Complaint alleges that defendant both directly infringed, and induced

others to infringe, the patent; however, the complaint makes no allegations to support the claim that defendant induced others to infringe. The complaint identifies which claims of the '188 patent were allegedly infringed but does not identify any infringing products.

Plaintiff attempted to serve process on defendant on July 13, 2009. Two individuals, Steven H. Kuhn and Micah A. H. Yospe, served the papers on Kathe Potter, an administrative assistant filling in as a receptionist at a satellite office of Broadcom. Docket No. 20 (Kuhn Dec.) ¶ 8; Docket No. 12-1 (Potter Dec.) ¶¶ 3-4. Kuhn is not to be confused with David N. Kuhn, Bender's attorney in this action. According to Potter's declaration, she specifically advised plaintiff's representatives that she was not authorized to accept legal papers. Potter Dec. ¶ 8. Kuhn and Yospe nevertheless left the papers with Potter, who successfully delivered them to Broadcom management. Kuhn declares that, in an abundance of caution, he took steps to re-effectuate service. Kuhn Dec. ¶ 9. Such service was effectuated on October 14, 2009. Docket No. 22.

LEGAL STANDARDS

A procedural issue not unique to patent law is reviewed under the law of the regional circuit in which the appeal from the district court would usually lie, here the Ninth Circuit. *See Summit Tech., Inc. v. Nidek Co., Ltd.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004).

I.   Rule 12(b)(5) Dismissal for Insufficient Service of Process

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988) (citation omitted). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp. 2003)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (citations omitted). "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant

2

1 in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists*, 840 F.2d 688 (quoting
2 *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

3       A corporation may be served "by delivering a copy of the summons and of the complaint to
4 an officer, a managing or general agent, or any other agent authorized by appointment or by law to
5 receive service of process and—if the agent is one authorized by statute and the statute so
6 requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B). "If a
7 defendant is not served within 120 days after the complaint is filed, the court—on motion or on its
8 own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or
9 order that service be made within a specified time. But if the plaintiff shows good cause for the
10 failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).
11 At a minimum, "good cause" means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.
12 2001). A plaintiff may be required to show the following factors in order to bring the excuse to the
13 level of good cause: (a) the party served received actual notice of the lawsuit; (b) the defendant
14 would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were
15 dismissed. *Id.* at 512 (citation omitted). A district court's discretion in applying Rule 4(m) is broad.
16 *Id.* at 513.

17 II.     Rule 12(b)(6) Dismissal for Failure to State a Claim

18       A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal
19 sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Since Rule 12(b)(6) is
20 concerned with a claim's sufficiency rather than its substantive merits, when faced with a motion to
21 dismiss, courts typically courts "look only at the face of the complaint." *Van Buskirk v. Cable News*
22 *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Allegations of material fact are taken as true and
23 construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80
24 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are
25 conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See*
26 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness*
27 *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

28

3

1   A court will grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a
2   claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
3   A plaintiff's complaint may be dismissed either for failing to articulate a cognizable legal theory or
4   for not alleging sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*,
5   901 F.2d 696, 699 (9th Cir. 1990). In *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1950
6   (2009), the U.S. Supreme Court held that a court can "begin by identifying pleadings that, because
7   they are no more than conclusions, are not entitled to the assumption of truth. While legal
8   conclusions can provide the framework of a complaint, they must be supported by factual
9   allegations. When there are well-pleaded factual allegations, a court should assume their veracity
10  and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## DISCUSSION

I.   Defective Service of Process

Defendant stresses not only that plaintiff's service of process on July 13, 2009, was allegedly defective but that defendant waited until the last minute to serve plaintiff, i.e., until day 119 of the 120 day deadline for serving a defendant after a complaint is filed. *See* Fed. R. Civ. P. 4(m). Plaintiff argues that Potter had enough responsibility in the Broadcom organization for service to have been effective. Plaintiff also relies upon the fact that defendant had actual notice of the lawsuit since at least March 24, 2009, when plaintiff's counsel, David N. Kuhn, emailed Matthew DelGiorno, Broadcom's Managing Director for Intellectual Property Litigation. *See* Docket No. 20 (Kuhn Dec.). Defendant argues that its challenge to the effectiveness of the July 13 attempt to serve process is not merely a delay tactic because dismissal of the complaint at this stage would result in decreased exposure for defendant. The '188 patent has expired, and the patent statute provides for a six-year time limitation on past damages. *See* 35 U.S.C. § 286. If the instant motion is dismissed, the time period between the date of expiration of the patent, August 4, 2009, and the filing of a new complaint would represent a period of time for which plaintiff would be ineligible to collect damages were he to prevail in this action.

4

1  The attempt at service was plainly defective. Plaintiff's representatives had no reason to
2 believe, and there is no evidence, that the receptionist located at defendant's satellite office was an
3 officer or managing or general agent of defendant. Plaintiff himself quotes an authority stating that
4 "the person served must have some measure of discretion in operating some phase of the defendant's
5 business or in the management of a given office." Opp. at 9. There was, and is, no reason to believe
6 that the receptionist in question had discretion regarding the management or operation of the office.
7 In *Direct Mail Specialists*, the Ninth Circuit held service on a receptionist to be effective. 840 F.2d
8 at 689. That case is distinguishable because there was a showing that the receptionist was the only
9 employee in the office when the process server arrived and that the company "was a rather small
10 one." *Id.* at 688-89. The court concluded that her role "was commensurately large in the structure
11 of the company." *Id.* at 688. Here, Broadcom is not a small company,[1] there is no evidence that the
12 receptionist was the only employee in the office, plaintiff's representatives delivered the papers to a
13 satellite office,[2] and the receptionist told the representatives she could not accept legal papers.[3] The
14 court also notes that Broadcom has an agent for service of process in California that can be
15 identified on the California Secretary of State's website. *See* Docket No. 16 (DelGiorno Dec.) ¶ 6;
16 *see also* http://kepler.sos.ca.gov/ (last visited Oct. 15, 2009). Plaintiff did not substantially comply
17 with the requirements of Rule 4 and has offered no excuse for his non-compliance.

18  At the time of service, the defendant already had actual notice of the lawsuit. This is not
19 enough in itself to convey jurisdiction, *see id.* at 688, and plaintiff has not shown that defendant was
20 not prejudiced by plaintiff's defective service. Moreover, where a plaintiff has waited until the last
21 months of his patent's validity to bring suit, he cannot be heard to complain that he is severely
22 prejudiced when a dismissal without prejudice results in a slight reduction in his potential damages.
23 Service of process was defective, and plaintiff has not shown good cause such that the court may
24 exercise personal jurisdiction over defendant.

25 II.  Adequacy of the Complaint

26  Plaintiff effectuated service of process on defendant on October 14, 2009. Docket No. 22.
27 The parties have briefed defendant's motion to dismiss; in the interest of judicial efficiency the court

5

addresses that motion in this order. Defendant correctly notes that the First Amended Complaint fails to allege any facts supporting a claim that defendant induced infringement of plaintiff's patent. Rather than propose amending the complaint to allege the necessary facts, plaintiff has filed a proposed Second Amended Complaint that contains no reference to inducing infringement. *See* Docket No. 19-1. Defendant has also argued that the direct infringement allegations of the operative complaint fail to meet the requirements of Rule 8 as set forth in *Twombly* and *Iqbal*. Specifically, defendant characterizes the complaint's allegations concerning the nature of the infringing products as too general in nature to meet the rule's requirements. Plaintiff seeks to correct any deficiency by including in his proposed Second Amended Complaint a list of seventy-eight specific products and product lines alleged to infringe. The list appears to contain most or all of defendant's products. *See* www.broadcom.com (last visited Oct. 15, 2009). Defendant contends that plaintiff has simply replaced an under-inclusive set of allegations with an over-inclusive one, and that defendant remains without notice of what specific products allegedly infringe the patent.

      Plaintiff's proposed Second Amended Complaint alleges that plaintiff's infringing products could include any products containing "one circuit, silicon or otherwise, which contains and/or utilizes at least one buffered transconductance amplifier." Docket No. 19-1 at 3. The patent apparently deals with technology that could be integrated into computer chips. Defendant is a semiconductor company; it makes computer chips. DelGiorno Dec. ¶ 4. The products named by plaintiff are apparently those containing computer chips. Although it remains to be proved whether any product infringes, there is nothing inherently implausible about an allegation that a large number of a defendant's various product lines infringe the patent when those product lines may be expected to have certain basic components, i.e., computer chips, in common and the patent claims technology relating to those components.[4] The listing provided by plaintiff is (barely) adequate to meet the hurdle of Rule 8, and a more definite statement is not required. The court anticipates that the scope of the action will become more focused with the filing of infringement contentions.

CONCLUSION

Defendant's motion to dismiss the First Amended Complaint on the basis of defective service of process is GRANTED and plaintiff's first attempt at service is HEREBY QUASHED. The court HEREBY DEEMS plaintiff's proposed Second Amended Complaint to be filed as of October 19, 2009. For the purposes of calculating any damages consistent with 35 U.S.C. section 286, the court HEREBY DEEMS October 14, 2009, to be the date of filing.

IT IS SO ORDERED.

Dated: October 30, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1.   Broadcom employs more than 7,000 persons worldwide. Docket No. 16 (DelGiorno Dec.) ¶ 7.

2.   While the *Direct Mail Specialists* court does not directly so state, it appears that process was served on the main office, not a satellite office. *See* 840 F.2d 687.

3.   Holding a receptionist or administrative assistant to be an adequate recipient of service of process under these circumstances would eviscerate the limiting language of Rule 4(h)(1)(B). *See Chapman v. U.S. Equal Opportunity Employment Comm'n*, 2008 WL 782599, at *3 (N.D. Cal. Mar. 24, 2008) (Armstrong, J.) (holding service of process on clerical employee ineffective).

4.   Unlike the plaintiff in the case of *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 2002 WL 1458853 (D. Del. June 10, 2002), instant plaintiff has provided extensive examples of allegedly infringing products and has advanced a credible theory for why such a broad range of products might potentially infringe. The instant case is also distinguishable from *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996). In that case, the plaintiff had named five defendants but failed to indicate which defendant was accused of which type of infringement. *Id.* at 960-61. As to some of the defendants, the complaint failed to reference any infringing products. *Id.* at 962. The court accordingly dismissed those claims without prejudice. *Id.*

8