UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENDER,<br><br>      Plaintiff,<br><br>  v.<br><br>BROADCOM CORPORATION,<br><br>      Defendant.<br>_____ / | No. C 09-01147 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Broadcom's Motion to Strike Bender's Infringement Contentions** |

Plaintiff Bender holds a patent for a buffered transconductance amplifier used primarily in analog circuitry. Plaintiff accuses 510 separate Broadcom products of infringing his patent. The Patent Local Rules require that a patent claimant alleging infringement serve Infringement Contentions upon the defendant within 14 days of the Initial Case Management Conference. Patent L.R. 3-1. The purpose of Rule 3-1 is to provide for a "streamlined" process to replace the "series of interrogatories that defendants would likely have propounded." *Network Caching Tech, LLC v. Novell Inc.*, No. C 01-2079, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002) (Walker, J.).

Defendant correctly claims that plaintiff's Infringement Contentions are insufficiently specific. First, plaintiff's contentions do not explain how the five "representative" Broadcom products for which he provides claim charts represent the other 505 accused Broadcom products. For example, his claim chart for the BCM3349 Single-Chip Cable Modem merely assumes representation of all transceivers, receivers and transmitters. Docket No. 41 (Huffsmith Dec.), Exh. Q (Infringement Contentions) at 7. This is in spite of the fact that plaintiff describes transceivers,

transmitters and receivers as being ubiquitous throughout the electronics industry. *Id.* at 1. Second, plaintiff fails to provide the specificity required by the Patent Local Rules. He claims simply that each claim limitation is present in certain large sections of the representative products. For example, with respect to the BCM7205 product, plaintiff alleges that each claim limitation for each claim at issue is present in almost half of the components that comprise the product: 1) the High Definition AVC/AVS/MPEG-2/MPEG-4/VC-1 Video Decoder; 2) the Video Scalers, Compositors, Noise reduction and deinterlacing modules; 3) the Multiformat Audio Processor; 4) the GPIO; 5) the UART; 6) the PCM Audio Engine & DACs; 7) the Dual Composite NTSC/PAL VEC; 8) the Digital to Analog converters; 9) the Ethernet Transceiver; and 10) the MPEG-2/DVB Transport. This expansive list mimics the other claim charts, which are all simply recitations of the claim elements with a contention that they are located in various large components throughout allegedly representative products. The actual protectable element of the patent, however, is more specific. Plaintiff has cast a wide net that encompasses every possible instance of infringement rather than identifying every probable instance of infringement. These overly inclusive contentions short-circuit the purpose of Rule 3-1 and do nothing to streamline the litigation and tailor discovery. Indeed, the Infringement Contentions, which contain no actual substance, seem to be constructed primarily through the cut and paste feature prevalent in modern word processing technology. Other than a mechanical recitation, plaintiff has made no attempt to demonstrate whether the identified component even contains a buffered transconductance amplifier. Plaintiff's implicit assertion that every Broadcom product that may contain an amplifier is an infringing product casts doubt upon his pre-filing investigation. Since plaintiff's contentions are impermissibly vague, defendant need not its serve responsive contentions until further order of this court.

In order for the court to ascertain the appropriate remedy, plaintiff's counsel is ordered to submit a written response, in the form of a declaration under oath, to the following requests within seven (7) days of the date of this order:

1. A detailed description of the pre-filing investigation undertaken by counsel to determine defendant's infringement. This description should list each investigative action taken with respect to

2

each alleged infringing device prior to filing this action, as well as the time spent undertaking that action. The court also seeks an explanation regarding counsel's continued assertion that the Infringement Contentions are "upon information and belief."

2. A detailed description of the information—whether public or not—that counsel or his experts reviewed and analyzed in order to prepare the Infringement Contentions. This description must include all efforts made by counsel, experts or Bender to acquire, reverse engineer, or physically or visually analyze the accused Broadcom products, and the time spent in that endeavor. The court also seeks information regarding the number of amplifiers within each of the components currently identified as the infringing locations within the representative products.

3. A detailed description of the information that counsel or his experts intend to review and analyze in order to add specificity to the Infringement Contentions. This may include both reverse engineering the representative products and/or the acquisition of open market reports that contain product schematics. Specifically, the court seeks to determine how counsel could, if ordered, specify which amplifier structure within the representative product corresponds to each claim limitation.

4. An explanation of how plaintiff intends to overcome defendant's assertion that certain components identified by plaintiff do not contain any analog parts and therefore cannot infringe plaintiff's patent for an analog transconductance amplifier. Specifically, counsel is to explain his assertion that the Advanced 1024 QAM Demodulator in the BCM3349 product, a digital circuit, contains plaintiff's buffered transconductance amplifier. The same instruction applies to all of the components identified by defendant in bullet two on page nine of its motion. Docket No. 40 (Motion) at 9.

5. Plaintiff's rationale for his failure to include a detailed correlative chart showing why each of the 505 accused products is properly represented by one of the five representative products.

6. Plaintiff's ability to amend his correlative chart to include a description of the similarities between each represented product and the representative product that would justify representation. The chart may not use generalizations and the representative product categories may not be so

3

expansive that they obviously encompass products based on the mere fact that they contain analog circuitry.

IT IS SO ORDERED.

Dated: March 22, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California